O/JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 08-1077 DOC (MLGx)                                        Date: January 22, 2009

Title: SHAUN WARD V. ROYAL CARIBBEAN CRUISE LINES, LTD.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                              Not Present
   Courtroom Clerk                                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                                                NONE PRESENT

---

PROCEEDING: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

    Before the Court is Defendant Royal Caribbean Cruise Lines, Ltd.'s motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, to transfer the action pursuant to 28 U.S.C. § 1404,[1] due to improper venue based on the Florida forum selection clause in Plaintiff Shaun Ward's Cruise Ticket Contract. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS Defendant Royal Caribbean Cruise Lines's Motion to Transfer Venue to a federal court in Miami sitting in the Southern District of Florida.

---

[1] In referring to its alternative request to transfer, Defendant cites 28 U.S.C. § 1404. However, the Court relies on 28 U.S.C. § 1406(a) in making its decision to transfer, as discussed below.

MINOTES FORM 11 DOC                                              Initials of Deputy Clerk _kh_
CIVIL - GEN                                                                       Page 1 of 6

## I.   Factual Background

Defendant Royal Caribbean Cruise Lines, Ltd. ("Defendant"), is a Liberian corporation with its principle place of business in Florida. Defendant owns and operates the cruise ship Monarch of the Seas. On or about September 30, 2007, Plaintiff Shaun Ward ("Plaintiff") was a passenger on Monarch of the Seas which embarked from and returned to the Port of Los Angeles. On September 30, 2007, Plaintiff sustained a deep laceration to his left hand. Plaintiff was injured after he grabbed a sharp metal sign onboard the cruise ship.

Following the injury, Plaintiff filed suit on September 26, 2008, in the Central District of California. Plaintiff alleges that the Defendant negligently failed to maintain the vessel in a safe condition and failed to warn Plaintiff of the defective and dangerous conditions of the sign. Plaintiff alleges that he has suffered a permanent loss of the full use of his left hand, medical expenses, and pain and suffering. Plaintiff seeks damages in the amount of $100,000, and costs of suit. In response, Defendant filed a motion to dismiss for improper venue, or in the alternative, to transfer because of a forum selection clause contained in the Plaintiff's cruise ticket that required all claims be filed in Florida.

Defendant sold Plaintiff his cruise ticket consistent with its cruise ticket sales protocol. Defendant confirmed Plaintiff's reservation after Plaintiff's travel agent contacted Defendant's reservation office in Miami, Florida. Defendant subsequently instructed Wallace Company in Chicago, Illinois, to issue Plaintiff's Guest Vacation Documents which included the Cruise Ticket Contract to Plaintiff's travel agent. Prospective passengers may review the terms and conditions of cruising with Defendant at any time prior to booking the cruise.

The Cruise Ticket Contract included in Plaintiff's Guest Vacation Documents governed the terms and conditions of his cruise and was issued in a multi-page booklet. The cover of the booklet specifically states that "Cruise Ticket Contract is contained in this booklet" and that passengers "pay[] attention to Sections 11 and 12...." Section Eleven of the booklet states:

> IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE A COURT LOCATED IN MIAMI, FLORIDA, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTRY. PASSENGER HEREBY WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN ANY COURT LOCATED IN MIAMI, FLORIDA.

(Emphasis in original).  The Cruise Ticket Contract also states that "[w]hether or not signed by Passenger, this ticket shall be deemed to be an undertaking and acknowledgment by passenger that he accepts...the terms and conditions...herein."  Furthermore, passengers are not allowed to board the Monarch of the Seas without presenting the Cruise Ticket Contract.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based on improper venue.  The burden is on the plaintiff to show that venue is proper.  *See Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (noting that "most courts hold that the plaintiff bears the burden of establishing proper venue").  This burden is satisfied where the plaintiff provides a "prima facie showing of proper venue."  *Id.*  The Court need not accept the pleadings as true, and may look to facts outside of the pleadings.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  If the Court determines that the Rule 12(b)(3) motion is sufficient, the Court must either dismiss or, "in the interest of justice," transfer the case.  28 U.S.C. § 1406(a).

In the Ninth Circuit, a motion to dismiss based on a forum selection clause is treated as a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue.  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  In cases involving forum selection clauses, the Court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## III.  Discussion

The Court grants Defendant's Motion to Transfer Venue because it finds the forum selection clause at issue enforceable and venue in the Central District of California improper as a result.  Consequently, the Court transfers venue to a federal court in Miami sitting in the Southern District of Florida in the interest of justice per 28 U.S.C. § 1406(a).

### A. Defendant's forum selection clause in the Plaintiff's Cruise Ticket Contract is enforceable.

As stated by the Supreme Court in *Carnival Cruise Lines, Inc. V. Shute*, forum selection clauses in commercial cruise ticket contracts are enforceable.  *See Carnival Cruise Lines, Inc. V. Shute*, 499 U.S. 585, 593-594 (1991).  *Carnival* is a strikingly similar case where the plaintiff attributed slip and fall injuries sustained on the cruise ship to defendant Carnival Cruise Line's ("Carnival") negligence.  *Id.* at 588.  The plaintiff in *Carnival* was a citizen of Washington that boarded her cruise in Los Angeles, California.  *See id.* at 587.  Defendant cruise line had its primary place of business in Florida with many cruises departing from Florida.  *Id.* at 595.  Prior to boarding the Carnival cruise ship, plaintiff received her ticket.  *Id.* at 587. The face of plaintiff's ticket contained the "Terms and Conditions of Passage Contract Ticket" ("Contract Ticket").  *Id.*  The Contract Ticket specifically stated that "all disputes...arising under...this Contract shall be litigated...in and before a Court located in

the State of Florida...." *Id*. at 587-88.

  The Court in *Carnival* reasoned that forum selection clauses were enforceable in commercial cruise tickets for several reasons. *Carnival*, 499 U.S. at 593-94. First, the Court noted that "[a] cruise line has a special interest in limiting fora in which it potentially could be subject to suit....because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject a cruise line to litigation in several different fora." *Id*. at 593. Additionally, the Court reasoned that forum selection clauses dispel "any confusion about where suits arising from the contract must be brought and defended....." *Id*. at 593-94. Lastly, the Court reasoned that "passengers who purchase tickets containing a forum clause...benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued." *Id.* at 594.

  When *The Bremen v. Zapata Offshore Co*. and *Carnival* are read together, the Supreme Court has found that forum selection clauses are *prima facie* valid "unless enforcement is...'unreasonable'" and subject to "judicial scrutiny for fundamental fairness" *The Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972); *Carnival*, 499 U.S. at 595. In determining whether a clause is fundamentally fair, the clause must first not set forum "as a means of discouraging cruise passengers from pursuing legitimate claims." *Carnival*, 499 U.S. at 595. Additionally, accession to the clause must not be a result of fraud. *Id*. Lastly, there must be notice of the forum selection clause within the commercial cruise ticket. *Id.* Because Plaintiff does not advance arguments for why litigating his claim in Florida would be "so gravely difficult and inconvenient" as required by *The Bremen* Court to set aside the *prima facie* assumption of validity of the clause, the Court only considers whether the clause is fundamentally fair per *Carnival*. *The Bremen*, 407 U.S. at 18.

  The forum selection clause in this claim is enforceable because it is fundamentally fair in accordance with *Carnival*. Contrary to Plaintiff's contention, the clause at issue was not designed to discourage cruise passengers from pursuing legitimate claims. Rather, similar to *Carnival*, the forum selection clause at issue requires all claims be resolved within the same state Defendant has its primary place of business. Additionally, *Carnival* noted that the forum selected by the clause was likely not designed to prevent litigation because a number of cruises departed from the forum state. Similarly, Defendant also has several cruises that depart from and to Florida ports suggesting that the forum selection clause is not meant to deter litigation. Consequently, because *Carnival* only considered the above two factors for determining whether a defendant seeks to discourage litigation, it is unnecessary to allow discovery for the purpose of determining whether Defendant in this case sought to discourage California passengers from filing suit in California.

  Assent to Defendant's forum selection clause was also not a result of fraud and notice of the clause was provided, thus satisfying the final requirements for forum selection clauses to be

"fundamentally fair." Like *Carnival*, there is no evidence that Plaintiff assented to the terms of the clause through fraud. Furthermore, similar to *Carnival*, Plaintiff was provided notice of the forum selection clause. Prior to boarding the Monarch of the Seas, Plaintiff received his Cruise Ticket Contract and was advised on the cover of the booklet to read Section 11 which contained the forum selection clause. In fact, Plaintiff could not have boarded the cruise liner without presenting his Cruise Ticket Contract. Consequently, the forum selection clause in the Cruise Ticket Contract is enforceable and venue improper in the Central District of California.

### B. Because the forum selection clause is enforceable, venue is improper within the Central District of California and transfer of the claim to a federal court in Miami sitting in the Southern District of Florida pursuant to 28 U.S.C. § 1406(a) is appropriate.

There are two distinct grounds by which a party may seek to change venue in federal courts. *See Multistate Legal Studies, Inc. V. Marino*, No. CV 96-5118, 1996 WL 786124 at *9 (C.D. Cal. Nov. 4, 1996). First, transfer may be appropriate "[f]or the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a). Second, where venue is improper in the transferor court, the court may dismiss or transfer the case "if it be in the interest of justice" pursuant to 28 U.S.C. § 1406(a). Because a motion to dismiss based on a forum selection clause is treated as a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue within the Ninth Circuit, transfer pursuant to 28 U.S.C. § 1406(a) is appropriate. *Argueta*, 87 F.3d at 324.

As stated above, venue is improper in the Central District of California because of the forum selection clause contained in the Cruise Ticket Contract. Consequently, the Court need only analyze whether transfer would "be in the interest of justice" per 28 U.S.C. § 1406(a). Several cases have found that a transfer is in "the interest of justice" within the meaning of § 1406(a) where the statute of limitations will bar a new action if the case was dismissed. *E.g.*, *Gold v. Griffith*, 190 F. Supp. 482, 483 (D.C. Ind. 1960); *Schultz v. McAfee*, 160 F. Supp. 210, 213 (D. Me. 1958); *Callan v. Lillybelle, Ltd.*, 39 F.R.D. 600, 603 (S.D.N.Y. 1966). *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 n. 7 (1965). Indeed, transferring a claim fulfills the purpose of § 1406(a) which was intended to avoid the harsh result of dismissal. *Callan*, 39 F.R.D. at 602.

In this case, it is in the interest of justice to transfer venue to a federal court in Miami sitting in the Southern District of Florida because dismissal will bar Plaintiff from bringing a new action. Per the forum selection clause:

> "No suit shall be maintainable[] against carrier...for any claim, including...personal injury...unless written notice of the claim...be delivered to carrier...within six (6) months from the day cause of action occurred, and in no event shall any such suit...be maintainable unless such suit shall be commenced (filed) within one (1) year from the day when the cause of action occurred...."

Given Plaintiff alleges the accident occurred September 30, 2007, filed suit on September 26, 2008, and the statute of limitations has since lapsed, it is in the interest of justice to transfer venue to a federal court in Miami sitting in the Southern District of Florida rather than dismiss Plaintiff's claim.

## IV.        Disposition

For the foregoing reasons, the Court finds that the Central District of California is the improper district for this action and that transfer to a federal court in Miami sitting in the Southern District of Florida is in the interest of justice in accordance with 28 U.S.C. § 1406(a).  Consequently, this action is TRANSFERRED to the Southern District of Florida.

The Clerk shall serve this minute order on all parties to the action.